IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.  Case Nos.:   3:11cr13/MCR/EMT
                3:16cv385/MCR/EMT

JAMES N. BROWN

---

## REPORT AND RECOMMENDATION

This matter is before the court on Defendant's "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" and his attached memorandum in support (ECF No. 481). Also pending before the court is Defendant's "Application to Proceed *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" (ECF No. 482). Rule 4(b) of the Rules Governing § 2255 Proceedings provides in part that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." After a review of the record, it is the opinion of the undersigned that the court is without jurisdiction to entertain Defendant's motion and that it should be summarily dismissed.

Case Nos.:  3:11cr13/MCR/EMT; 3:16cv385/MCR/EMT

## BACKGROUND and ANALYSIS

In March of 2011, Defendant James N. Brown entered a guilty plea to conspiracy to possess and distribute pseudoephedrine with knowledge that it would be used to manufacture methamphetamine (ECF Nos. 138, 139). In June of 2011, he was sentenced to 210-months' imprisonment, but one week later his sentence was reduced to 188-months' imprisonment due to errors in his criminal history (*see* ECF Nos. 239, 246, 262, 263). Defendant did not appeal his conviction.[1]

In June of 2012, Defendant filed a first motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, which was later amended twice (ECF Nos. 362, 364, 366). In December of 2014, Defendant's second amended motion was denied and a certificate for appealability was also denied (ECF Nos. 407, 408, 409). In the instant motion, Defendant argues that the court erred in the calculation of the drug amount attributed to him (ECF No. 481).

---

[1] On August 4, 2015, Defendant's sentence was reduced to 151-months' imprisonment pursuant to Amendment 782 to the U.S.S.G. and 18 U.S.C. § 3582(c)(2) (*see* ECF No. 445).

Case Nos.:  3:11cr13/MCR/EMT; 3:16cv385/MCR/EMT

Before a second or successive application for § 2255 relief is filed in the district court, a defendant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3) and § 2255(h); Felker v. Turpin, 518 U.S. 651 (1996). Defendant has not obtained authorization from the Eleventh Circuit Court of Appeals to file a successive motion. Therefore, the instant motion to vacate must be dismissed because the court lacks jurisdiction to consider Defendant's successive § 2255 motion without proper authorization.

## CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483−84

(2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. Defendant's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (ECF No. 481) be **SUMMARILY DISMISSED**.

2. Defendant's "Application to Proceed *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" (ECF No. 482) be **DENIED as moot**.

3. A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 14th day of October 2016.

/s/ *Elizabeth M. Timothy*_____
**ELIZABETH M. TIMOTHY
CHIEF UNITED STATES MAGISTRATE JUDGE**

Case Nos.:  3:11cr13/MCR/EMT; 3:16cv385/MCR/EMT

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos.:  3:11cr13/MCR/EMT; 3:16cv385/MCR/EMT